IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY C. BONTEMPS,

      Plaintiff,                        No. CIV S-06-2483 DFL GGH P

    vs.

M. C. KRAMER, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. By Order, filed on November 29, 2006, plaintiff was directed to file a completed application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, which application was filed on December 21, 2006.

        Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        The court finds that plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently

1

without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The allegations of plaintiff's original complaint in their entirety are:

> On 9-14-05, defendant Correctional Officer (C/O) Pulley conducted a cell search at which time he pushed buttons in the panel of my TV set as well as destroyed several CDs by placing heavy objects on top of my CDs causing them to become stitched (scratched?). Also important legal documents are missing.

Form Complaint, p. 3.

As relief, plaintiff seeks "to make employees of Folsom State Prison pay for my damage [sic] property." Id. Although plaintiff lists as additional defendants Warden M.C. Kramer and Lt. Poole, he makes no allegations at all against them. Plaintiff attaches a series of exhibits to his complaint, including his administrative appeals regarding the search, wherein, inter alia, he claims that defendant Pulley "didn't follow guidelines in conducting the search." Complaint, Exhibit, p. 8.

Some weeks after filing the original complaint, plaintiff filed an "amended complaint," without specifically naming any defendants or setting forth any allegations at all, but seeking damages and injunctive relief against prison officials for wholly unspecified violations of the Eighth Amendment, claiming a right to personal safety and a right to be free of cruel and unusual punishment and excessive force. Plaintiff neglects, however, to state how he was deprived of any of these rights or by whom. Nor does he set forth what form he seeks injunctive relief to take.

Rule 8 of the Federal Rules of Civil Procedure requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.) As plaintiff makes no allegations at all in either his original or putative amended complaint against defendants Kramer and Poole, these defendants are dismissed, but plaintiff will be granted leave to amend.

3

1          As to defendant Pulley, against whom he appears to be alleging in his original
2  complaint an unauthorized intentional deprivation of personal property, the United States
3  Supreme Court has held that "an unauthorized intentional deprivation of property by a state
4  employee does not constitute a violation of the procedural requirements of the Due Process
5  Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is
6  available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a
7  meaningful postdeprivation remedy, only authorized, intentional deprivations constitute
8  actionable violations of the Due Process Clause.  An authorized deprivation is one carried out
9  pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d
10 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th
11 Cir. 1987).  The California Legislature has provided a remedy for tort claims against public
12 officials in the California Government Code, §§ 900, et seq.

13         To the extent plaintiff has set forth any facts, he has not alleged made allegations
14 which suggest that the deprivation was authorized.  Thus, plaintiff's allegations against defendant
15 Pulley concerning the taking of his property do not state a cognizable claim for relief.  Defendant
16 Pulley will be dismissed but plaintiff will be granted leave to amend.

17         As to either plaintiff's original or amended complaints, plaintiff has set forth no
18 factual allegations supporting a claim of a violation of plaintiff's rights under the Eighth
19 Amendment and names no individual who has personally subjected him to *any* force, excessive
20 or otherwise.  To make out an Eighth Amendment claim for excessive force, plaintiff must allege
21 the circumstances that support a claim of the deliberate use of excessive or unjustified force
22 against him by an individual he names.  Whitley v. Albers, 475 U.S. 312, 327, 106 S.Ct.
23 1078,1088 (1986).   Plaintiff's original and amended complaints are dismissed with leave to
24 amend.

25         To the extent that plaintiff seeks injunctive relief, should he make out colorable
26 claims in a future amended complaint against defendants at Folsom State Prison, the court notes

4

that the docket of this case indicates that plaintiff has been transferred, since the filing of this action, to High Desert State Prison. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff has demonstrated no reasonable possibility that he will be incarcerated at Folsom State Prison at any predictable time in the future. Accordingly, plaintiff should not seek injunctive relief in any further amended complaint with respect to defendants at Folsom.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

\\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Both plaintiff's original complaint, filed on November 8, 2006, and his putative amended complaint, filed on November 22, 2006, are dismissed for the reasons discussed above, with leave to file a second amended complaint within thirty days from the date of service of this order. Failure to file a second amended complaint will result in a recommendation that the action be dismissed.

DATED: 4/11/07

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
bont2483.bnf